UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:15-CR-139 |
| v. | ) |
| | ) |
| JACK HATFIELD, JR., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on the defendant's Motion for Medical Treatment [Doc. 8], filed on January 26, 2016, and is before the Court pursuant to 28 U.S.C. § 636(b) and standing orders of the District Court. The parties appeared before the Court for a hearing on the motion on February 2, 2016. Assistant United States Attorney Greg Bowman appeared on behalf of the government. Attorney Rosana Brown represented the defendant.

Defense counsel requested or moved the Court to transfer the defendant to the Bureau of Prisons (BOP) for medical treatment because of alleged problems Defendant is experiencing with insulin-dependent diabetes, lung and heart disease, kidney problems, and an ongoing problem with Hepatitis C. At the time of his arrest, Defendant was scheduled for a heart surgery consultation on January 4, 2016. At the hearing, defense counsel advised the Court that Defendant had a history of heart problems and currently has two stints in his heart. The government noted that the investigator handling the case knew that Defendant had some significant medical concerns. The government did not oppose the request.

The Court ordered Defendant to provide the Court his medical records to verify that he was scheduled for heart surgery at the time of his arrest and that will otherwise document a

serious medical condition requiring immediate medical attention. Those records just recently arrived and were provided to the Court for its review.

The Sixth Circuit has opined "a person detained in custody is entitled to medical treatment when necessary on account of illness or injury[.]" *Shannon v. Lester*, 519 F.2d 76, 79 (6th Cir. 1975). The Court is unaware of any formal procedure for obtaining a pretrial physical evaluation at a federal medical facility similar to that available for mental examinations, *see* 18 U.S.C. § 4241, *et seq*. Nevertheless, Congress has contemplated that such examinations might occur as reflected by its provision of a basis for exclusion of time in the Speedy Trial Act for "delay resulting from any proceeding, including examinations, to determine the mental competency or *physical capacity* of the defendant." *See* 18 U.S.C. § 3161(h)(1)(A) (emphasis added). Accordingly, the Court will apply the "reasonable cause" standard used to ascertain whether a defendant should be committed for a mental evaluation to determine competency to stand trial. *See* 18 U.S.C. § 4241(a) (requiring the Court to grant the motion for a competency hearing if it finds "any reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent . . . .").

The Court has reviewed the medical records presented by Defendant and has considered the medical records proffered *ex parte*. In light of this information and the foregoing arguments of record, the Court finds that Defendant, JACK HATFIELD, JR. has shown reasonable cause that he should be transported to FMC Lexington as a pretrial detainee pending trial and any other pretrial hearings for a physical evaluation to determine his physical capacity to stand trial and for further treatment of his serious health conditions, including his heart condition. In so ruling, the Court is not making a finding that the local jail at which he is housed provided improper or inadequate treatment to the defendant. However, this Defendant has unique medical needs and

problems, has required unique medical care and treatment, and his continuing complaints will result in considerable expenditures of time, effort, and cost on the part of the Court, the attorneys on both sides, jail personnel and the Marshal's Service. Moreover, it is apparent that further inquiry (and resulting time and cost expenditures) would be necessary to formally resolve the questions surrounding the defendant's ability to stand trial. Therefore, in light of Defendant's persistent health problems, the fact that Defendant's attorney feels it is in the Defendant's best interest medically to undergo physical evaluation and treatment at a federal medical center, the fact that the Court also believes the requested evaluation is in Defendant's best interest based upon the defendant's representations and the medical records provided, and the fact that the government does not object to this motion, the undersigned expressly finds and holds that the defendant should be transported to FMC Lexington for medical purposes, it being in Defendant's best medical interest.

Accordingly, the Court **GRANTS** Defendant's Motion [**Doc. 8**], and it is hereby **ORDERED**, as follows:

1. Defendant shall remain in custody to await designation by the Bureau of Prisons for confinement in a suitable facility for the purpose of conducting a physical examination one or more licensed medical personnel. The Court recommends that this evaluation take place at the **United States Medical Center for Federal Prisoners in Lexington, Kentucky**. Once designation of the facility is received, Defendant shall be transported by the United States Marshal's office to such facility.

2. The purpose of the evaluation shall be:

   a. for conducting a physical examination by one or more licensed medical professionals;

   b. for the purpose of determining whether the defendant is suffering from a physical condition that inhibits his capacity to stand trial; and

   c. for the purpose of determining the nature and extent of his heart condition and the stabilizing of same.

3. Upon the defendant's arrival at the facility, the staff shall notify defense counsel, who

shall forward the defendant's medical records to the facility. Defendant is represented by Ms. Rosanna Brown, Esq., Federal Defender Services, 129 W. Depot Street, Suite 1, Greeneville, TN 37743. Phone: (423) 636-1301.

4. The defendant shall be given any necessary medications or treatment if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall file with the Court as soon as possible after the completion of such examinations, but no later than two months from receipt of the defendant at the facility, a report of their examinations with copies provided to counsel for the defendant and counsel for the United States, and said report shall include:

   a. defendant's history and present symptoms;

   b. description of the physical examinations, medical tests, and treatment that were employed and their results;

   c. examiners' findings;

   d. examiners's opinions as to diagnosis and prognosis, and

   i) whether the defendant is physically able to stand trial, and

   ii) the type of treatment that the defendant requires for his heart condition.

6. The defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time. The defendant will be deemed committed to the custody of the Attorney General or his designated representative for confinement at said correction facility and kept separate to the extent practicable for persons awaiting sentences or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.

7. That the defendant be **FORTHWITH RETURNED** to the custody of the United States Marshal at the conclusion of his evaluation and treatment or at such time that this Court so orders. Upon order of this Court or a Court of the United States or upon request of the attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshals for the purpose of an appearance in connection with a Court proceeding.

8. The undersigned will conduct a status conference on this matter, which hearing will be set after conferring with the parties.

**IT IS SO ORDERED.**
ENTER:

s/ Clifton L. Corker
United States Magistrate Judge